# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH EMAIL ACCOUNTS STORED AT PREMISES CONTROLLED BY MICROSOFT CORPORATION | Case No. 24-mj-2021 |

### MOTION OF THE UNITED STATES
### FOR ORDER TO REQUIRE MICROSOFT TO SHOW CAUSE
### WHY MICROSOFT SHOULD NOT BE HELD IN CIVIL CONTEMPT

**I.       Introduction**

The United States hereby moves the Court to issue an order directing Microsoft Corporation ("Microsoft") to show cause why Microsoft should not be held in civil contempt for failing to comply with its obligation to disclose information pursuant to the Court's Search Warrant, No. 24-mj-2021, (the "Search Warrant"), in the above-captioned matter.[1]

On December 13, 2024, Magistrate Judge Pamela A. Carlos issued the Search Warrant, which ordered Microsoft to disclose responsive information associated with several email accounts stored at premises owned, maintained, controlled, or operated by Microsoft.[2] Such material is relevant to this investigation, as outlined in the affidavit in support of the application, and Microsoft was ordered to make the required disclosure within 14 days of the issuance of the Search Warrant, i.e., by December 27, 2024. As detailed below, as of the date of this motion

---

[1] In order to preserve the integrity of this ongoing, covert grand jury investigation, the Government's proposed order seeks to modify the caption to remove any reference to the investigation and maintain the search warrant filings under seal, while allowing the Court to otherwise open this matter for public viewing.

[2] The underlying search warrant application, affidavit, and signed warrant were placed under seal given the Government's ongoing investigation, which remains covert. A copy is provided to the Court, *in camera*, as Exhibit A to maintain the confidentiality of those investigative documents.

more than 50 days after the ordered deadline, Microsoft has failed to disclose any of the information specified by the Search Warrant. Microsoft has neither questioned its legal obligation nor sought an extension from this Court; it has simply failed to comply. As with any other Order issued by this Court, the deadline set out in the Court's Search Warrant is mandatory. The government is aware of no reason Microsoft could not comply with the Court's Search Warrant other than Microsoft's claimed "backlog" referenced below. Accordingly, this Court should issue an order certifying the facts of Microsoft's contempt and requiring Microsoft to show cause why it should not be held in civil contempt.

## II.     Background on the Government's Investigation

As the Court is aware from the affidavit in support of the application for the Search Warrant, the warrant was issued in connection with an ongoing grand jury investigation into potential federal crimes. As the Court is also aware from the affidavit, the information sought in the Search Warrant application is a crucial investigative step that may lead to evidence, the identification of the suspects or conspirators, or generate material investigative leads. Further, the Government's interest in Microsoft's compliance with the Search Warrant deadline ordered by this Court is no mere formality: Microsoft's unjustified delay continues to hinder the government's ability to identify and apprehend the perpetrators, prevent ongoing harm, and collect and preserve evidence.

**III.     Microsoft's Non-Compliance with the Instant Search Warrant**

Microsoft is a technology company based in Redmond, Washington. Microsoft has more than 120,000 United States employees.[3] In 2023, Microsoft disclosed a total revenue of about $211.9 billion.[4]

On December 13, 2024, the United States applied to this Court for a Search Warrant under 18 U.S.C. § 2703 for specified information stored at premises owned, maintained, controlled, or operated by Microsoft. On that same day, Magistrate Judge Pamela A. Carlos granted the government's application and issued the Search Warrant.[5] Attachment B to the Search Warrant ordered Microsoft "to disclose the [specified] information to the government within fourteen days of issuance of this warrant."

On December 13, 2024, the United States served the Search Warrant on Microsoft. That same day, the Government received an automated email message from Microsoft confirming receipt of the Search Warrant.[6] On December 27, 2024, the deadline for Microsoft to disclose the information specified by the Search Warrant passed without compliance by Microsoft.

On January 8, 2025, after calling and emailing Microsoft to follow up on the failure to comply with the Search Warrant, a representative from Microsoft called the Government's case agent to say that they were unable to provide any date for the return and said it could be months due to processing them in order of receipt and prioritizing based on type of crime. On January

---

[3] Facts About Microsoft, https://news.microsoft.com/facts-about-microsoft/ (last visited February 9, 2025)

[4] Annual Report 2023, https://www.microsoft.com/investor/reports/ar23/index.html (last visited February 9, 2025).

[5] The Search Warrant Application, Affidavit, and Warrant supplied *in camera* are attached as Exhibit A to this motion.

[6] A redacted copy of that email is attached as Exhibit B to this motion.

15, 2025, due to Microsoft's failure to provide responsive data, Microsoft's past disregard for court-ordered deadlines in compulsory criminal process,[7] and the seriousness and time sensitivities of the ongoing investigation, the Government sent Microsoft a letter reminding Microsoft of its obligations under the Search Warrant.[8] The letter informed Microsoft that if Microsoft did not comply with the Search Warrant within seven (7) days, the government may move to initiate contempt proceedings.[9]

    In an attempt to resolve this matter without burdening the Court, the Government made several follow-up requests for information (via email and phone calls) to Microsoft, simply asking for an anticipated deadline for completing production. On January 16, 2025, the Government's case agent spoke with in-house counsel at Microsoft, who had received the Government's letter. The Government's case agent was informed by Microsoft's in-house counsel that they had been, according to the case agent's recollection, "backlogged for months." Microsoft's in-house counsel discussed attempting to redirect the Government to the Microsoft customer whose data was the target of this search warrant rather than requiring Microsoft—the enterprise provider to which this search warrant is directed—to produce this data. The Government's case agent explicitly declined to agree to a later date for disclosure given the delay and the failure to provide any timeline for a response.

    On or about January 17, 2025, the Government spoke further with Microsoft's in-house counsel, in which the Government emphasized the importance of receiving information from Microsoft about when it would make the required disclosure.

---

[7] *See infra.*

[8] A redacted copy of that letter is attached as Exhibit C to this motion.

[9] As the Government explained in that letter, obtaining responsive data (including emails) directly from the enterprise in this case would compromise the Government's investigation.

Since that time, Microsoft has not communicated any such timeline. Instead, Microsoft has only informed the Government that it is working on the Search Warrant, claimed it has "expedited" it, and stated its intent to disclose materials at some unknown time. On January 22, 2025, the Government received a Microsoft email claiming that the Search Warrant had been marked for "expedited handling."[10] That same day, Microsoft's in-house counsel emailed the Government reiterating the Search Warrant had been "expedited," and that, "[a]t this time, we do not have a specific response date . . . ."

On January 23, 2025, the Government emailed Microsoft's in-house counsel, expressing concern "about not having any deadline for resolving this[.]" On January 30, 2025, the Government sent another reminder email. On January 31, 2025, Microsoft's in-house counsel responded with only: "Just checked. Still waiting on data pull to come back."

As of this filing, Microsoft still has not disclosed any responsive information in compliance with the Search Warrant, nor has Microsoft asked the Court to extend the time for its compliance with the Search Warrant.

Unfortunately, Microsoft's non-compliance with the deadline in the Search Warrant is not an isolated incident. Indeed, in this district, Microsoft regularly and substantially fails to comply with this Court's imposed deadlines. These violations of Court-imposed deadlines not only evince an unjustified contempt of court but also adversely affect the Government's ability to investigate, disrupt, and prosecute crimes.

"[W]hile [evidence] awaits review, 'targets are free, memories of other witnesses are fading, evidence is disappearing, the grand jury may have difficulty proceeding against other

---

[10] A redacted copy of emails between the Government and Microsoft is attached as Exhibit D to this motion.

targets, and events may escape scrutiny as the statute of limitations takes its toll.'" *In re Grand Jury Investigation*, 966 F.3d 991, 994 (9th Cir. 2020) (quoting *In re Klein*, 776 F.2d 628, 631 (7th Cir. 1985)). The volatile nature of digital evidence, like the evidence sought from Microsoft in this case, renders timely compliance even more vital. Often, the data sought from digital accounts like those operated by Microsoft lead criminal investigators to other digital accounts. Delays in disclosure of responsive information within the time set forth in subpoenas, court orders, and search warrants increases the risks of investigators losing critical evidence.[11]

### IV.   Argument

This Court ordered Microsoft to produce records by a clear deadline, by December 27, 2024. Microsoft ignored that deadline and still has not complied with the Court's order as of the date of this motion, over 50 days after the deadline. Microsoft's conduct should have consequences, for if entities know that they can simply ignore search warrants and nothing will happen, they will have no incentive to comply in a timely fashion.

Microsoft's failure to comply with the deadline in the Search Warrant constitutes an act of civil contempt. Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the Court should certify the following facts to the district court:

1. On December 13, 2024, Magistrate Judge Pamela A. Carlos granted the Government's application and issued the Search Warrant, No. 24-mj-2021.

---

[11] Companies like Microsoft often retain deleted data for short times frames, after which that information is inaccessible to government investigators. *See, e.g.*, *Data retention, deletion, and destruction in Microsoft 365*, https://learn.microsoft.com/en-us/compliance/assurance/assurance-data-retention-deletion-and-destruction-overview (noting that once a Microsoft account user actively deletes content, Microsoft retains that data for "at most 30 days.").

While Microsoft has assured the Government of its preservation of certain emails, that preservation may not apply to additional email accounts identified through review of the responsive data that Microsoft has yet to produce as required by the Search Warrant.

2. On December 13, 2024, the United States served the Court's Search Warrant on Microsoft.

3. Attachment B to the Search Warrant ordered Microsoft "to disclose the [specified] information to the government within fourteen days of issuance of this warrant."

4. The deadline for Microsoft to disclose the information specified by the Search Warrant passed on December 27, 2024.

5. Microsoft did not disclose any information to the United States by the date of the deadline, nor did Microsoft notify the Court of its non-compliance.

6. On January 8, 2025, after calling and emailing Microsoft to follow up on the failure to comply with the Search Warrant, a representative from Microsoft called the Government's case agent to say that they were unable to provide any date for the return and said it could be months due to processing them in order of receipt and prioritizing based on type of crime.

7. On January 15, 2025, the United States served a letter on Microsoft informing Microsoft that it may seek an order to show cause absent compliance with the Search Warrant within seven days of receipt of that letter.

8. On January 16, 2025, the Government's case agent spoke with in-house counsel at Microsoft, who had received the Government's letter. Microsoft's in-house counsel confirmed that they had been backlogged for months. Microsoft's in-house counsel attempted to redirect the Government to obtain the materials directly from the company being investigated, but was unable to do so. The Government's case agent explicitly declined to approve an extension given the delay and the failure to provide any timeline for a response.

9. On or about January 17, 2025, the Government spoke further with Microsoft's in-house counsel, in which the Government emphasized the importance of establishing a deadline.

10. On January 22, 2025, the Government received a Microsoft email claiming that the Search Warrant had been marked for expedited handling.

11. On January 22, 2025, Microsoft's in-house counsel emailed the Government reiterating the Search Warrant had been "expedited," and that, "[a]t this time, we do not have a specific response date . . . ."

12. On January 23, 2025, the Government emailed Microsoft's in-house counsel, expressing concern "about not having any deadline for resolving this[.]"

13. On January 30, 2025, the Government sent another reminder email.

14. On January 31, 2025, Microsoft's in-house counsel responded with only: "Just checked. Still waiting on data pull to come back."

15. As of February 20, 2025, Microsoft was non-compliant with the Search Warrant.

This Court should certify to the District Court the above facts and issue an order to show cause why Microsoft should not be held in civil contempt, so that the District Court may fashion appropriate conditions to compel Microsoft's future compliance with this Court's Order to disclose evidence in this serious criminal investigation.

A.  **Controlling Law**

It has long been settled by the Supreme Court of the United States that "[t]here can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). The purpose of the contempt power was to address "disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Chambers*, 501 U.S. at 44 (quoting *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)). If parties can disobey court orders and set them aside, then "what the Constitution now fittingly calls 'the judicial power of the United States' would be a mere mockery." *Young*, 481 U.S. at 796.

The same conduct can result in sanctions for criminal and civil contempt. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 294-95 (1947). Unlike criminal contempt sanctions, which are punitive, "civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience[.]" *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). "The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics*

8

*Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004). "To the extent that a contempt sanction is coercive, the court has 'broad discretion to design a remedy that will bring about compliance.'" *Id.*

The contempt authority of magistrate judges is set forth in Section 636(e) of the Federal Magistrates Act ("FMA"), *see* 28 U.S.C. § 636(e), which also defines the issuance of a search warrant as a "pretrial matter" under Section 636(b), *see Gomez v. United States*, 490 U.S. 858, 868 n.16 (1989).

The FMA provides:

> Upon the commission of any such act . . . in any other case or proceeding under [Section 636(b)], where . . . the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). Thus, the role of this Court is to certify to the district court facts possibly constituting contempt. *See Wallace v. Kmart Corp.*, 687 F.3d 86, 91 (3d Cir. 2012); *Castaneda v. Falcon*, 166 F.3d 799, 801 & n.4 (5th Cir. 1999) (collecting cases); *see also Consumer Fin. Prot. Bureau v. Nexus Servs., Inc.*, No. 5:21-CV-00016, 2023 WL 3375596, at *3 n.6 (W.D. Va. May 11, 2023) ("The magistrate judge's role in certifying facts under § 636(e)(6) is 'to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'") (internal citations omitted).

"In determining whether to certify facts, a magistrate judge may conduct a hearing on the issue of certification." *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999); *see also In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988); *NLFC, Inc. v. Devcom Mid-America, Inc.*, No. 93C0609, 1994 U.S. Dist. LEXIS 6245, 1994 WL 188478, at *6 (N.D. Ill. May 11, 1994).

Upon certification, a district judge may then consider sanctions, including imposing daily fines until the party in contempt complies with the court's order. *See, e.g., In re Sealed Case*, 77 F.4th 815, 836 (D.C. Cir. 2023) (affirming imposition of escalating daily fine beginning at $50,000 on Twitter for lack of compliance). Sanctions may also include attorney's fees for prosecuting the contempt. *See, e.g.*, *Su v. Arps*, No. 8:23CV138, 2023 WL 7039265, at *5-6 (D. Neb. Oct. 26, 2023). The proceedings may also result in the formal admonishment of Microsoft, putting Microsoft on notice of consequences for future violations before this court. *See, e.g.*, *Sec. & Exch. Comm'n v. Alar*, No. 1:19-CV-3265-CMS, 2023 WL 7158530, at *3 (N.D. Ga. Oct. 23, 2023) (cautioning counsel that court "will not tolerate further failures to comply with Court Orders" after party mistakenly missed court-imposed deadline); *CE Res., Inc. v. Magellan Grp., LLC,*, No. 2:08-CV-02999MCEKJM, 2009 WL 2031721, at *2 (E.D. Cal. July 8, 2009) ("Accordingly, Magellan is hereby admonished that the dates set in this Court are mandatory and adherence to applicable rules is not optional. . . . Failure to adhere to any future deadlines may result in the imposition of sanctions . . .").

The role of the district court is then to "hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e)(6); *see also Wallace*, 687 F.3d 86.

B.   **A Show Cause Hearing Is Appropriate**

The government has established a prima facie case that Microsoft is in contempt of the Search Warrant. To prevail on a request for a civil contempt finding, the moving party must first establish by clear and convincing evidence: "(1) that a valid order of the court existed; (2) that the [alleged contemnor] had knowledge of the order; and (3) that the [alleged contemnor] disobeyed the order." *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). The

contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order. *Id.* "Due process generally requires an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." *Loftus v. Se. Pennsylvania Transp. Auth.*, 8 F. Supp. 2d 464, 467 (E.D. Pa. 1998), *aff'd,* 187 F.3d 626 (3d Cir. 1999).

In the instant case, Microsoft violated the clear, unambiguous order in the Search Warrant for Microsoft to disclose the information specified in Attachment B to the Search Warrant to the Government within 14 days of issuance of the warrant. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[It is a] basic proposition that all orders and judgments of courts must be complied with promptly."). A court recently found that failing to comply with a search warrant's disclosure deadline constituted contempt. *See In re Sealed Case*, 77 F.4th at 824.

The Search Warrant included the clear and unambiguous command to produce the specified records by December 27, 2024. *See id.* at 834 (noting that the provider "had disobeyed a 'clear and unambiguous court order'— i.e., the warrant — that 'required [the provider] to comply with production of the specified records . . . by January 27, 2023." (cleaned up)). The Search Warrant listed the date the search warrant was signed—December 13, 2024. Thus, counting 14 days from that date, Microsoft was unambiguously commanded to produce the information by December 27, 2024. By failing to disclose any responsive information by the deadline set by the Court, Microsoft failed to substantially comply with the Court's Search Warrant.

The United States submits that a hearing is appropriate in this matter, as it will give this Court the opportunity to hear from both the United States and Microsoft regarding Microsoft's failure to comply with the Search Warrant. This Court should therefore issue the attached Order

to Show Cause Why Microsoft Should Not Be Held in Civil Contempt. If, after a hearing, this Court concludes that the facts support a finding that Microsoft's failure to comply with the Search Warrant constitutes a civil contempt, this Court should certify the facts to the District Court, and it should order Microsoft to appear before the District Court to show cause why it should not be held in contempt.

## V.     Conclusion

Microsoft is not above the law. Like any other subject of a court order, Microsoft must either challenge, seek modification, or comply with that order. When Microsoft disregarded the deadline in the Search Warrant, it committed an act of contempt of court. For the reasons set forth above, the Court should set a hearing regarding Microsoft's failure to comply with the Search Warrant, certify to the District Court the facts constituting Microsoft's contempt, and order Microsoft to appear before the District Court to show cause why it should not be adjudged in civil contempt for failure to comply with the Search Warrant. Finally, because this motion addresses litigation regarding a search warrant issued by this Court *ex parte* and under seal in connection with an ongoing grand jury investigation, the government respectfully requests that those documents remain under seal.

Respectfully submitted,

NELSON S.T. THAYER, JR.
Acting United States Attorney

 */s/ Anthony D. Scicchitano*
ANTHONY D. SCICCHITANO
LESLEY BONNEY
Assistant United States Attorneys

Dated: February 21, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH EMAIL ACCOUNTS STORED AT PREMISES CONTROLLED BY MICROSOFT CORPORATION | Case No. 24-mj-2021 |

**[PROPOSED] ORDER TO REQUIRE MICROSOFT CORPORATION TO SHOW CAUSE WHY MICROSOFT SHOULD NOT BE HELD IN CIVIL CONTEMPT**

And now, upon consideration of the Motion of the United States for Order to Require Microsoft to Show Cause Why Microsoft Should Not Be Held in Civil Contempt, **IT IS ORDERED** as follows:

A hearing date is scheduled for _____, 2025. At the hearing, counsel for Microsoft should be prepared to update the court on the status of its compliance with Search Warrant, 24-mj-2021, previously issued to Microsoft, and the steps that Microsoft will take to ensure future compliance with federal search warrants within the periods those warrants prescribe. Counsel for Microsoft shall also prepare to address any factual disagreements with the following information.

1. On December 13, 2024, Magistrate Judge Pamela A. Carlos granted the Government's application and issued the Search Warrant, No. 24-mj-2021.

2. On December 13, 2024, the United States served the Court's Search Warrant on Microsoft.

3. Attachment B to the Search Warrant ordered Microsoft "to disclose the [specified] information to the government within fourteen days of issuance of this warrant."

4. The deadline for Microsoft to disclose the information specified by the Search Warrant passed on December 27, 2024.

5. Microsoft did not disclose any information to the United States by the date of the deadline, nor did Microsoft notify the Court of its non-compliance.

6. On January 8, 2025, after calling and emailing Microsoft to follow up on the failure to comply with the Search Warrant, a representative from Microsoft called the Government's case agent to say that they were unable to provide any date for the return and said it could be months due to processing them in order of receipt and prioritizing based on type of crime.

7. On January 15, 2025, the United States served a letter on Microsoft informing Microsoft that it may seek an order to show cause absent compliance with the Search Warrant within seven days of receipt of that letter.

8. On January 16, 2025, the Government's case agent spoke with in-house counsel at Microsoft, who had received the Government's letter. Microsoft's in-house counsel confirmed that they had been backlogged for months. Microsoft's in-house counsel attempted to redirect the Government to obtain the materials directly from the company being investigated, but was unable to do so. The Government's case agent explicitly declined to approve an extension given the delay and the failure to provide any timeline for a response.

9. On or about January 17, 2025, the Government spoke further with Microsoft's in-house counsel, in which the Government emphasized the importance of establishing a deadline.

10. On January 22, 2025, the Government received a Microsoft email claiming that the Search Warrant had been marked for expedited handling.

11. On January 22, 2025, Microsoft's in-house counsel emailed the Government reiterating the Search Warrant had been "expedited," and that, "[a]t this time, we do not have a specific response date . . . ."

12. On January 23, 2025, the Government emailed Microsoft's in-house counsel, expressing concern "about not having any deadline for resolving this[.]"

13. On January 30, 2025, the Government sent another reminder email.

14. On January 31, 2025, Microsoft's in-house counsel responded with only: "Just checked. Still waiting on data pull to come back."

15. As of February 20, 2025, Microsoft was non-compliant with the Search Warrant.

**IT IS FURTHER ORDERED** that, while the United States' Motion and accompanying Exhibits B, C, and D shall be publicly accessible, Exhibit A (containing the underlying Search Warrant Application, Affidavit, and Search Warrant) shall be maintained under seal until further order of the Court.[1] In addition, the caption of this matter shall be modified to conform with this Order's caption, in order to preserve the integrity of this ongoing, covert grand jury investigation while otherwise opening the matter to the public.

The Clerk is **DIRECTED** to serve a copy of this Order upon Microsoft and the United States at its addresses and contact information of record.

---

[1] Microsoft may continue to share the Search Warrant and Search Warrant Attachments A and B with its counsel.

**IT IS SO ORDERED** and **DIRECTED**.

BY THE COURT:

_____

HONORABLE CAROL SANDRA MOORE WELLS

Dated: *United States Magistrate Judge*

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the below date, he served by email a copy of the Motion of the United States for Order to Require Microsoft to Show Cause Why Microsoft Should Not Be Held in Civil Contempt on the below individual:

Veronica I. Miranda, Esq.<br>
Senior Corporate Counsel<br>
Microsoft Corporation

      /s/ *Anthony D. Scicchitano*
      ANTHONY D. SCICCHITANO
      Assistant U.S. Attorney

Dated: February 21, 2025